IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 08-211 T

(Judge Lynn J. Bush)

WASHINGTON MUTUAL, INC., AS
SUCCESSOR IN INTEREST TO H.F.
AHMANSON & CO. AND SUBSIDIARIES,
WASHINGTON MUTUAL BANK, A FEDERAL
ASSOCIATION, AS SUCCESSOR IN INTEREST TO
HOME SAVINGS OF AMERICA; AND SAVINGS OF
AMERICA, INC., AS SUBSTITUTE AGENT FOR H.F.
AHMANSON & CO. AND SUBSIDIARIES,

                                                    Plaintiffs

v.

THE UNITED STATES,

                                                    Defendant

PROTECTIVE ORDER

The Court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be confidential, non-public, privileged information and that entry of a Protective Order is necessary to safeguard the confidentiality of that information. Accordingly, the parties shall comply with the terms and conditions of this Protective Order.

1.     Protected Information Defined. "Protected information" as used in this order means confidential, non-public information that is to be provided by the Office of the Comptroller of the Currency as responsive to plaintiffs' discovery requests in this litigation. Protected information includes use of this confidential information in:

    (a)  any document (e.g., a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by a party to this litigation; or

    (b)  any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation.

2. <u>Restrictions on the Use of Protected Information</u>. Protected information may be used solely for the purposes of this litigation and may not be given, shown, made available, discussed, or otherwise conveyed in any form except as provided herein.

3. <u>Individuals Permitted Access to Protected Information</u>. Except as provided in paragraphs 4 and 5 below, the only individuals who may be given access to protected information are the parties, counsel for a party, independent consultants and experts assisting such counsel in connection with this litigation, and Internal Revenue Service personnel who may assist in this litigation.

4. <u>Access to Protected Information by Court, Department of Justice, and Agency Personnel</u>. Personnel of the Court, the Internal Revenue Service, and the Department of Justice are automatically subject to the terms of this Protective Order and are entitled to access to protected information without further action.

5. <u>Access to Protected Information by Support Personnel and Witnesses</u>. Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order and witnesses to whom it is necessary that confidential material be shown in the course of depositions or the trial of this action may be given access to protected information by such counsel if those personnel and witnesses have first been informed by counsel of the obligations imposed by this Protective Order.

6. <u>Identifying Protected Information</u>. Protected information may be provided only to the Court and to individuals admitted under this Protective Order and must be identified as follows:

    (a)  if provided in electronic form, the subject line of the electronic transmission shall read "**CONTAINS PROTECTED INFORMATION**"; or

    (b)  if provided in paper form, the document must be sealed in a parcel containing the legend "**PROTECTED INFORMATION ENCLOSED**" conspicuously marked on the outside.

The first page of each document containing protected information, including courtesy copies for use by the judge, must contain a banner stating "**Protected Information to Be Disclosed Only**

in Accordance With the U.S. Court of Federal Claims Protective Order" and the portions of any document containing protected information must be clearly identified.

7. Filing Protected Information. Pursuant to this Protective Order, a document containing protected information must be filed electronically under the Court's electronic case filing system using the appropriate activity listed in the "SEALED" documents menu. If filed in paper form, a document containing protected information must be sealed in the manner prescribed in paragraph 6(b) and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

8. Protecting Confidential Testimony. With respect to testimony that constitutes or references confidential material, specific portions of the testimony may be designated confidential within thirty (30) days after receipt of the transcript. Until the thirty (30) day period has expired, the entire transcript shall be treated as constituting confidential material.

9. Protecting Documents Not Previously Sealed. If a party determines that a previously produced or filed document contains protected information, the party may give notice in writing to the Court and the other parties that the document is to be treated as protected, and thereafter the designated document must be treated in accordance with this Protective Order.

10. Copying Protected Information. The parties may make copies of documents that contain protected information in connection with this action. All copies of such documents must be clearly labeled in the manner required by paragraph 7.

11. Safeguarding Protected Information. Any individual admitted under this Protective Order must take all reasonable precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information.

12. Breach of the Protective Order. If a party discovers any breach of any provision of this Protective Order, the party must promptly report the breach to the other parties and immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to individuals not admitted under this Protective Order.

13. Requesting Confidentiality Determinations. If a party requests confidentiality determinations regarding whether any hearing, argument or testimony before the Court in this case shall be treated as including confidential material, the determination shall be made by the Court.

14. Protected Information Filed With the Court or Used at Depositions. Should any records covered by this Order be filed with the Court or used as exhibits at

      depositions in this action, or should information or records or their contents covered by this Order be disclosed in the transcripts of depositions or the trial in this action, such records, exhibits, and transcripts shall be filed under seal.

15. <u>Maintaining Filed Documents Under Seal</u>. The Court will maintain properly marked protected documents under seal throughout this litigation.

16. <u>Retaining Protected Information After the Termination of Litigation</u>. Upon conclusion of this action (including any appeals and remands), the original version of the administrative record and any other materials that have been filed with the Court under seal will be retained by the Court pursuant to RCFC 77.3(c). Copies of such materials may be returned by the Court to the filing parties for disposition in accordance with paragraph 17 of this Protective Order.

17. <u>Disposing of Protected Information.</u> Within sixty (60) days after the conclusion of this action (including any appeals and remands), each party must destroy all protected information and certify in writing to each other party that such destruction has occurred or must return the protected information to the parties from which the information was received. Each party may retain one copy of such documents provided those documents are properly marked and secured.

**IT IS SO ORDERED.**

                                                     */s/ Lynn J. Bush*
                                                     LYNN J. BUSH
                                                     Judge